Eastern District of Kentucky
**FILED**

JUL 0 5 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**LEXINGTON**

| | |
|---|---|
| VICKI L. CAMERON, | ) |
| Plaintiff, | ) Civil Action No. 5:04-24-JMH |
| v. | ) |
| DAIMLERCHRYSLER CORP., | ) **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) |

\*\*    \*\*    \*\*    \*\*    \*\*

Before the Court is the plaintiff's motion to compel [Record No. 53]. The defendant responded [Record No. 54] and the plaintiff replied [Record No. 55]. The matter is now ripe for decision.

## I. BACKGROUND

Plaintiff, Vicki L. Cameron ("Cameron"), filed this products liability action against the defendant, DaimlerChrysler Corp. ("DCC"), the manufacturer of the plaintiff's 1991 Jeep Wrangler, for injuries sustained when the Jeep's parking brake released.

In October of 2002, prior to the plaintiff's ownership of the 1991 Jeep, the defendant issued a safety recall for the parking brake. The plaintiff bought the Jeep used in December of 2002, so the plaintiff did not obtain actual notice of the recall.

The accident at issue in the complaint occurred on April 7, 2003, when the plaintiff pulled into her driveway to get the mail. Allegedly, the plaintiff left the Jeep running and utilized the parking brake, but noticed as she was walking to the mailbox that

1

the parking brake had released and the vehicle was rolling. The plaintiff alleges that she attempted to re-enter the vehicle to stop it from rolling, but the Jeep continued off a bridge and into a creek, pinning her beneath it and severely injuring her.

On April 8, 2005, Magistrate Judge Todd granted the plaintiff's motion to compel the defendant to provide information concerning subsequent similar incidents. Magistrate Judge Todd noted that he did not believe the evidence would likely be admissible at trial, however, he ruled that pursuant to lenient discovery rules, the evidence would likely lead to discoverable admissible evidence. The defendant complied with Magistrate Judge Todd's order and supplied information pertaining to similar incidents, including information concerning other lawsuits and over one thousand customer complaints.

## II. Plaintiff's Motion to Compel

Currently at issue is the plaintiff's motion to compel the defendant to admit that "the other incidents DCC produced in response to Plaintiff's Interrogatory Nos. 11, 18, and 19 and Requests for Production Nos. 8 and 9 are substantially similar to the incident that is the subject of this lawsuit." (Pl.'s Mot. to Compel at 1.) The plaintiff argues that the Court should grant said motion in the interest of judicial economy, in order to spare the Court and the parties the time and expense of proving what incidents, of the over one thousand incidents produced in

2

discovery, are "substantially similar" to the plaintiff's case.

In response to the plaintiff's discovery requests, the defendant denied that *any* of the incidents produced in discovery were substantially similar, lodged the same general objections to each request, and explained each answer by stating that "unless all facts related to vehicle condition, environmental factors, and driver behavior are virtually identical to the facts giving rise to this accident, another incident cannot be substantially similar to the accident that is the subject of this lawsuit." (*Id.*, Ex. A at 5.) The plaintiff argues that the defendant's responses are contrary to Fed. R. Civ. P. 36(a) that requires a defendant to either deny or explain its answer.

The defendant opposes the plaintiff's motion to compel for several reasons. First, the defendant argues that the responses complied with Fed. R. Civ. P. 36(a) because the responses denied the requests for admissions and, even though not required by the rule, explained each denial.

Second, the defendant argues that the discovery requests were improper because the requests, in effect, shifted the burden of proving that an incident is substantially similar to the defendant, even though the plaintiff has the burden of proving that an incident is substantially similar. *Rye v. Black & Decker Mfg. Co.*, 889 F.2d 100, 102 (6th Cir. 1989) ("The plaintiff has the burden of proving the substantial similarity between prior accidents and his

3

own.").

Third, the defendant argues that the plaintiff's requests for admissions were improper because they elicited opinions subject to privilege. The defendant states that if the Court orders compliance, the defendant would have to provide legal opinions and reveal trial strategies as to what incidents, of the over one thousand incidents produced in discovery, are substantially similar.

Finally, the defendant argues that its objections that the requests were not relevant or reasonably calculated to lead to discovery of admissible evidence were appropriate because the defendant issued a notice of defect by the recall notice. Thus, the defendant argues that the evidence would be irrelevant and cumulative.

In the plaintiff's reply, the plaintiff states that the requests for admissions merely seek to determine what "substantially similar incident" means in this case. Plaintiff states that she views "other incidents involving an allegation of parking brake self-release in 1990-1995 model year Jeep Wrangler YJ's with a manual transmission" as being substantially similar. The plaintiff acknowledges that the issue of admissibility of substantially similar incidents into evidence at trial is an issue of law for the Court to decide, but she argues that the requests for admissions were an attempt at reaching an agreement among the

parties that *some* of the over one thousand incidents produced by the defendant are substantially similar.

Additionally, the plaintiff argues that the defendant's definition of substantial similarity, requiring *identical* factual circumstances, is contrary to the recall and case law. For instance, the plaintiff argues that substantial similarity does not require identical fact patterns, but instead mandates that "the accidents must have occurred under similar circumstances or share the same cause." *Rye*, 889 F.2d at 102. The plaintiff asserts that the recall applied to approximately 317,000 model year 1990-1995 Jeep Wrangler YJ's with a manual transmission, not merely to those with identical fact patterns to the plaintiff's case.

Further, the plaintiff makes the following statement in her reply:

> If the Court agrees with Plaintiff that other incidents involving an allegation of parking brake self-release in 1990 through 1995 model year Jeep Wrangler YJ's with a manual transmission are substantially similar to Plaintiff's accident, then DCC should be compelled to supplant its responses to Plaintiff's request for admissions to admit substantial similarity of the incidents identified in Exhibit B or set forth legitimate, incident-specific reasons for its denials.
>
> If the Court disagrees with Plaintiff regarding what constitutes a substantially similar incident, it will be necessary for the Court to determine what does.... [T]his question must be answered before proof can be developed or arguments made by either party regarding admissibility.

(Pl.'s Reply to Mot. to Compel at 4.)

### III. Analysis

The parties both agree that in this Circuit, the test for substantial similarity is whether the accidents "occurred under similar circumstances or share the same cause." *Rye*, 889 F.2d at 102. The parties disagree about *what* incidents produced in discovery fit within this definition. The plaintiff asks the Court to order the defendant to admit which incidents produced in discovery are substantially similar or she asks the Court to craft a definition of substantial similarity applicable to this case. Both of the plaintiff's requests are improper.

First, the plaintiff's request for *the defendant* to admit which incidents are substantially similar is improper because the plaintiff is merely asking the defendant to admit legal conclusions that are presently contested. The defendant complied with Magistrate Judge Todd's order compelling the defendant to provide the plaintiff with discovery of similar incidents. The defendant is not required to divulge to the plaintiff which incidents *the defendant* thinks are substantially similar. Instead, *the Court* will decide this issue upon argument by the parties, following appropriate pre-trial evidentiary motions. The Court refuses to order the defendant to comb through all the discovery relating to similar incidents, when the plaintiff should be the one to evaluate whether the incidents are substantially similar and argue this before the Court in pre-trial motions on admissibility.

6

The Court also finds that the plaintiff's request for *the Court* to determine an overall definition of substantial similarity for this case is improper because whether an incident is substantially similar is an evidentiary issue, not a discovery issue. *See id.* Plaintiff's motion is premature and essentially asks the Court to render an advisory opinion on how the Court would rule on pre-trial evidentiary motions before the motions are filed. Thus, only upon appropriate pre-trial filings will the Court determine substantial similarity.

### IV. Conclusion

Accordingly, and for the foregoing reasons, **IT IS HEREBY ORDERED** that the plaintiff's motion to compel [Record No. 53] be, and the same hereby is, **DENIED**.

This the 5th day of July, 2005.



Signed By:

*Joseph M. Hood*
**United States District Judge**